IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID CROATTO, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. H-24-1479 |
| TRANSUNION RISK AND DATA SOLUTION, INC., | | |
| Defendant. | | |

## ORDER

Pending before the Court is Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Document No. 4). Having considered the motion, submissions, and applicable law, the Court finds defendants' motion should be granted.

## I. BACKGROUND

This case arises out of the Fair Credit Reporting Act ("FCRA"). Plaintiff David Croatto ("Croatto"), proceeding pro se, filed a case in state court asserting Trans Union, LLC ("Trans Union") violated his privacy and disseminated false information to the public.[1] Croatto asserts causes of action for defamation and

---

[1] Croatto's complaint incorrectly named the Defendant as TransUnion Risk and Data Solutions, inc. *Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support*, Document No. 4 at 1.

invasion of privacy as a result of information that appeared on Croatto's credit report. Trans Union contends Croatto's allegations are based on Trans Union's credit reporting and arise under the FCRA, 15 U.S.C. § 1681, et seq. Accordingly, on April 23, 2024, Trans Union removed the case to this Court, asserting federal question jurisdiction. On April 30, 2024, Trans Union moved to dismiss Croatto's case, asserting Croatto's claims were fundamentally flawed and not in compliance with Federal Rules of Civil Procedure Eight ("Rule 8"). Croatto did not respond to Trans Union's motion to dismiss.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir.

2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

The Trans Union contends Croatto's claims fail because: (1) Trans Union is not a Consumer Reporting Agency ("CRA") and therefore not subject to the FCRA; (2) Croatto's state and common law claims are preempted by the FCRA; (3) Croatto has failed to comply with Rule 8 and therefore fails to state a claim for which relief may be granted. Croatto did not respond to the motion to dismiss. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer . . ." 15 U.S.C. §1681(b). A CRA is defined by the FCRA as "any person which, for monetary fees . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other

3

information on consumers for the purpose of furnishing consumer reports to third parties[.]" Id. at § 1681a(f).

Here, Croatto alleges that Trans Union disseminated false information that harmed his credit worthiness. Trans Union contends that Croatto's claim arises from alleged credit reporting and therefore arises under the FCRA. Trans Union further contends they are not a CRA, and no consumer report was prepared by it as it relates to Croatto. As such, Trans Union contends Croatto sued the wrong part and any FCRA claim against Trans Union fails as a matter of law. Courts across the nation have dismissed parties similar to Trans Union, who were incorrectly sued under the FCRA. *See Greear v. Equifax, Inc.,* No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) ( O'Meara, J.) ("Defendant Equifax, Inc., is not a consumer reporting agency subject to the requirements of the FCRA."); *Slice v. Choicedata Consumer Servs., Inc.,* No. 04-cv-428, 2005 WL 2030690 at *3 (E.D. Tenn. Aug. 23, 2005) (Varlan, J.) ("Equifax Inc. has not violated the FCRA as alleged because it is not a 'consumer reporting agency' and has not furnished or prepared a 'consumer report' on the plaintiff."). Croatto did not respond to Trans Union's motion to dismiss or offer any evidence or counterargument that the FCRA should apply here. Accordingly, Croatto's claims arising from the FCRA fails.

Trans Union further contends that any state or common law claim asserted by Croatto also fails because they are preempted by the FCRA. The FCRA prohibits

4

consumers from "bring[ing] any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). *See Young v. Equifax Credit Info. Servs. Inc.*, 294 F. Supp. 3d 631, 638 (5th Cir. 2002) (dismissing defamation claim based on credit reporting). Trans Union contends nothing in Croatto's complaint alleges any willful conduct or malice on the part of Trans Union. Trans Union further contends Croatto's complaint lacks any plain statement of his claims, whether it be for the FCRA or state claims for defamation or invasion of privacy. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even construing Croatto's complaint liberally, it fails to meet the pleading standards set forth under Fed. R. Civ. P. 8(a)(2). Further, Croatto did not respond or offer any evidence or argument to oppose the dismissal of his claims. Therefore, the Court finds Croatto has failed to adequately state a claim for which relief may be sought. Accordingly, the Court finds the Defendants' motion to dismiss should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Document No. 4) is **GRANTED**. The Court further

**ORDERS** that Plaintiff David Croatto's claims against Defendant TransUnion Risk and Data Solution, Inc. are **DISMISSED**.

SIGNED at Houston, Texas, on this 4 day of June, 2024.

_/s/ David Hittner_
DAVID HITTNER
United States District Judge